FILED
CLERK, U.S. DISTRICT COURT
1/26/26
CENTRAL DISTRICT OF CALIFORNIA
BY: CS   DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

John Doe-M Pro Se
930 Hilgard Ave
Los Ángeles, CA 90024
filings@lawcorp.us

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>*Plaintiff,*<br><br>vs.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC,<br><br>*Defendant.* | No. 2:25-cv-11251-SVW-PD<br><br>**MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Hon. Stephen V. Wilson<br>United States District Judge<br><br>Hon. Patricia Donahue<br>United States Magistrate Judge |

Plaintiff John Doe hereby moves this Court for a preliminary injunction enjoining Defendant Law School Admission Council, Inc. ("LSAC") from issuing or transmitting the "Misconduct Report" that LSAC placed on Plaintiff's file until the Court can determine the merits of this action.

**I. NOTICE OF MOTION**

Pursuant to Local Rule 7-11 and Local Rule 7-19, Plaintiff will file this motion electronically via CM/ECF and will serve a copy on Defendant's registered agent (Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801) by email and process server on January 23, 2026. Defendant may file an opposition within one (1) business day after service; any opposition must be filed electronically and served on Plaintiff. A hearing on the motion will be set by the Court after the filing of any opposition.

## II. STATEMENT OF RELIEF SOUGHT

Plaintiff requests that the Court enter a preliminary injunction (with a final hearing date to be set) directing LSAC to:

> 1. Immediately withdraw the Misconduct Report from Plaintiff's LSAC account and refrain from transmitting the Report to any law school, educational institution, or third party, and
>
> 2. Appear before this Court on a date to be set and show cause why a permanent injunction should not be entered.

## III. FACTUAL BACKGROUND

Plaintiff is a qualified applicant for law-school admission with a cumulative undergraduate GPA of 4.03 (see LSAC's internal calculation dated July 26, 2025).

After Plaintiff submitted his application through LSAC's Credential Assembly Service, LSAC issued a final determination letter on May 5, 2025 that placed a "Misconduct Report" on Plaintiff's file, alleging that Plaintiff misrepresented his academic record.

The Report is false. LSAC's own records later confirmed the correct GPA (4.03), directly contradicting the basis for the misconduct finding.

LSAC's policy is to automatically transmit the Report to every law school to which an applicant applies.

Plaintiff's law-school application deadlines are late January/early February 2026—less than 45 days away. If the Report is transmitted, law schools will treat Plaintiff as having engaged in academic misconduct, a "death-penalty" finding that will cause his applications to be

summarily rejected. The injury is immediate, certain, and irreparable because the loss of an entire admission cycle cannot be compensated by money damages.

## IV. LEGAL STANDARD

The Ninth Circuit applies the same four-factor test for a preliminary injunction as for a temporary restraining order:

1. Serious questions as to the merits;
2. Likelihood of irreparable injury in the absence of preliminary relief;
3. Balance of hardships that tips sharply in favor of the movant; and
4. Public interest considerations.

*Julie A. Su v. L & Y Food, Inc.*, 2024 WL 1389363, at *1 (C.D. Cal. Apr. 1 2024)

The movant must show that each factor weighs in its favor. The Supreme Court's articulation of the same test is set out in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## V. ARGUMENT

**A. Serious Questions as to the Merits Exist**

LSAC is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f) because it "regularly assembles…information on consumers…for the purpose of furnishing consumer reports to third parties." *Kidd v. Thomson Reuters Corp.*, 299 F. Supp. 3d 400 (S.D. Ill. 2017)4ee99ff3:0 (defining a CRA). The "Misconduct Report" is a "consumer report" under § 1681a(d) because it contains information about Plaintiff's character that is used by law schools to determine admission eligibility.

LSAC's own internal calculation of Plaintiff's GPA (4.03) demonstrates that the factual basis for the Report is inaccurate, violating the FCRA's accuracy requirement, 15 U.S.C. § 1681e(b). A plaintiff may obtain injunctive relief when a CRA willfully or negligently fails to follow reasonable procedures to assure maximum possible accuracy. *McNall v. Credit Bureau of Josephine Cnty.*, 689 F. Supp. 2d 1265, 1272 (D. Or. 2010).

Thus, the merits of Plaintiff's FCRA claim are serious and non-frivolous.

**B. Plaintiff Will Suffer Irreparable Injury**

The loss of a full law-school admission cycle is a classic form of irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 90 (1974).4ee99ff3:6 The deadlines are less than 45 days away; once the Report is transmitted, Plaintiff's applications will be rejected, and the opportunity to enroll in law school for the 2026-2027 academic year will be permanently lost. Monetary damages cannot restore that lost opportunity.

**C. Balance of Hardships Favors Plaintiff**

Plaintiff stands to lose his chance to attend law school; LSAC would merely be required to refrain from transmitting a report it has already admitted is inaccurate. The injunction imposes minimal administrative burden on LSAC while preventing catastrophic injury to Plaintiff.

**D. The Public Interest Is Served**

The FCRA was enacted to protect consumers from inaccurate reporting that can affect education, employment, credit, and insurance. Enforcing the Act's accuracy provisions advances the public interest in ensuring that third parties receive reliable information.

## VI. PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter a preliminary injunction enjoining LSAC from issuing or transmitting the Misconduct Report to any law school or third party pending final resolution of this action;

2. Set a hearing on this motion and an evidentiary hearing on the preliminary injunction, and order LSAC to appear and show cause why a permanent injunction should not be entered;

3. Award Plaintiff other relief the Court deems just and proper.

Date: January 23, 2026

Respectfully submitted,
/s/ John Doe
John Doe, Plaintiff Pro Se
930 Hilgard Ave
Los Angeles, CA 90024
filings@lawcorp.us

## VII. PROPOSED ORDER

The Court shall grant Plaintiff's Motion for Preliminary Injunction, enjoin Defendant LSAC from issuing or transmitting the Misconduct Report to any law school or third party, and set a hearing on the preliminary injunction for _____ at _____ in Courtroom _____, 350 W 1st St., Los Angeles, CA.

## VIII. CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026 I caused a true and correct copy of the foregoing Motion for Preliminary Injunction to be served (1) electronically by email and (2) by Process Server on Defendant's registered agent at 1209 Orange St., Wilmington, DE 19801.

Date: January 23, 2026
/s/ John Doe
John Doe, Plaintiff Pro Se