

John Doe-M Pro Se
930 Hilgard Ave
Los Ángeles, CA 90024
filings@lawcorp.us

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>*Plaintiff,*<br><br>vs.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC,<br><br>*Defendant.* | No. 2:25-cv-11251-SVW-PD<br><br>**MOTION FOR DEFAULT JUDGMENT**<br><br>Hon. Stephen V. Wilson<br>United States District Judge<br><br>Hon. Patricia Donahue<br>United States Magistrate Judge |

### MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT

Plaintiff John Doe, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 55(b) and Local Rules 55-1 and 55-2 for entry of default judgment against Defendant Law School Admission Council, Inc. ("LSAC"). Defendant has been properly served and has failed to plead or otherwise defend this action.

### I. UNDISPUTED FACTS

Plaintiff filed the Complaint and Summons in this action on November 17, 2025.

Defendant LSAC was personally served with the Summons and Complaint on December 16, 2025, at its principal place of business located at 662 Penn Street, Newton, Pennsylvania 18940, as reflected in the Affidavit of Process Server attached as Exhibit A.

LSAC's registered agent for service of process was served on December 15, 2025, at 1209 Orange Street, Wilmington, Delaware 19801, as reflected in the Affidavit of Process Server attached as Exhibit B.

Plaintiff effected a second personal service on LSAC at its principal place of business on January 26, 2026, as reflected in the Affidavit of Process Server attached as Exhibit C.

Plaintiff effected a second service on LSAC's registered agent on January 26, 2026, as reflected in the Affidavit of Process Server attached as Exhibit D.

All service was completed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

More than forty-five (45) days have passed since Defendant was served. LSAC has filed no answer, motion, or responsive pleading.

Plaintiff has submitted a sworn affidavit attesting to Defendant's service and failure to respond.

These facts are uncontroverted.

## II. LEGAL STANDARD

A. Authority for Default Judgment

Federal Rule of Civil Procedure 55(a) authorizes entry of default where a defendant fails to plead or otherwise defend. Upon entry of default, Rule 55(b) permits the Court to enter judgment against the defaulting party.

Local Rules 55-1 and 55-2 require a declaration establishing service, the absence of responsive pleadings, and supporting documentation — all of which Plaintiff has provided.

B. Proper Service Establishes Jurisdiction

Proper service of process is a prerequisite to default judgment. Electrical Specialty Co. v. Road & Ranch Supply, Inc., 1992 WL 127836 (9th Cir. 1992). Where service is valid and a defendant fails to respond, the Court may proceed to default judgment.

C. Court's Discretion and Eitel Factors

The Court's discretion is guided by the factors articulated in Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986), including:

• prejudice to plaintiff

• merits of plaintiff's claims

• sufficiency of the complaint

• amount of money at stake

• possibility of factual dispute

• whether default resulted from excusable neglect

• strong policy favoring decisions on the merits

Where a defendant fails to appear, courts routinely find these factors favor default judgment. See Trustees of the S. Cal. IBEW-NECA Pension Plan v. Arce, 2022 WL (C.D. Cal. May 23, 2022).

## III. ARGUMENT

### A. LSAC's Failure to Respond Warrants Default Judgment

Defendant was properly served on multiple occasions at both its principal place of business and registered agent. Despite this, LSAC has failed to appear or respond.

This constitutes a failure to "plead or otherwise defend" under Rule 55(a), justifying entry of default and default judgment.

### B. Plaintiff Has Fully Complied with Procedural Requirements

Plaintiff has submitted:

- sworn affidavits of service

- proof of Defendant's failure to respond

- a sworn affidavit establishing notice and non-appearance

These filings satisfy all requirements under the Federal Rules and Local Rules.

### C. Plaintiff's Claims Under the Fair Credit Reporting Act Are Meritorious

Plaintiff's complaint alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

The FCRA requires consumer reporting agencies to follow reasonable procedures to ensure maximum possible accuracy of consumer reports. 15 U.S.C. § 1681e(b).

Plaintiff alleges that LSAC reported a "Misconduct Report" to law schools despite its own internal GPA calculation reflecting a 4.03 — directly contradicting any finding of academic misconduct.

This inaccurate reporting caused Plaintiff to lose an entire law-school admissions cycle, constituting irreparable harm.

LSAC's failure to dispute these allegations results in their admission for purposes of default judgment.

D. The Eitel Factors Strongly Favor Default Judgment

Prejudice: Plaintiff has no alternative means of relief absent default judgment.

Merits & Sufficiency: The complaint states valid FCRA claims supported by factual allegations.

Factual Disputes: None exist due to Defendant's default.

Excusable Neglect: No evidence suggests Defendant's failure was excusable.

Policy Favoring Merits: While courts favor decisions on the merits, Defendant's refusal to participate outweighs that policy.

Accordingly, default judgment is appropriate.

E. Injunctive and Monetary Relief Is Proper

Given the ongoing harm from inaccurate reporting, injunctive relief is necessary to prevent further damage.

Plaintiff seeks:

- an order prohibiting LSAC from transmitting the Misconduct Report
- correction and preservation of Plaintiff's accurate GPA
- damages for irreparable harm
- costs of suit

Such relief is authorized under the FCRA and equitable principles.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

Enter default against Defendant LSAC;

Grant default judgment in Plaintiff's favor on all causes of action;

Issue preliminary and permanent injunctive relief enjoining LSAC from issuing or transmitting the Misconduct Report;

Order LSAC to preserve and reflect Plaintiff's correct GPA of 4.03 in all records

Award Plaintiff damages, costs of suit, and any other relief the Court deems just and proper.

Date: January 29, 2026

Respectfully submitted,
/s/ John Doe
John Doe, Plaintiff Pro Se
930 Hilgard Ave
Los Angeles, CA 90024
filings@lawcorp.us

LIST OF EXHIBITS

Exhibit A – Affidavit of Process Server (Personal Service – December 16, 2025)

Exhibit B – Affidavit of Process Server (Registered Agent – December 15, 2025)

Exhibit C – Affidavit of Process Server (Second Personal Service – January 26, 2026)

Exhibit D – Affidavit of Process Server (Second Registered Agent Service – January 26, 2026)

Exhibit E – Plaintiff's Sworn Affidavit

## VII. CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2026, I caused a true and correct copy of the foregoing MOTION FOR DEFAULT JUDGMENT to be served (1) electronically by email and (2) by Process Server on Defendant's registered agent at: 1209 Orange St., Wilmington, DE 19801.

Date: January 29, 2026
/s/ John Doe
John Doe, Plaintiff Pro Se